UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAROL SANTANA-CABRERA,

    Petitioner,

v.                                                  Case No: 5:24-cv-155-WFJ-PRL

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Jarol Santana-Cabrera's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Seeking dismissal of the petition, Respondent asserts that Mr. Santana-Cabrera has not exhausted his administrative remedies, or alternately, no longer has a justiciable case. (Doc. 14). Upon careful consideration, the Court finds that Mr. Santana-Cabrera's petition is due to be dismissed.

## BACKGROUND

Mr. Santana-Cabrera is a native citizen of the Dominican Republic, and in March 2021, he unlawfully entered the United States with 69.2 kilograms of cocaine. *See* Cr. Doc. 52.[1] In November 2021, Mr. Santana-Cabrera entered a guilty plea in the

---

[1] Citations to the docket of Mr. Santana-Cabrera's underlying criminal case, No. 3:21-cr-115-03-FAB (P.R.), will be designated with the prefix "Cr."

United States District Court for the District of Puerto Rico to conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Cr. Doc. 52). In March 2022, he was sentenced to 70 months imprisonment. (Cr. Doc. 82). The sentence was later reduced to 57 months imprisonment under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* Cr. Docs. 95, 106, 108, 110.

In April 2024, Mr. Santana-Cabrera filed his habeas petition seeking to have his First Step Act time credits applied to his sentence and to be released immediately. (Doc. 1). On July 31, 2024, Deportation Officer Colon with the Miami Field Office-Orlando notified the Bureau of Prisons ("BOP") that Santana-Cabrera is claiming fear of persecution in his home country and that he is seeking a withholding or removal. Thus, the Department of Homeland Security is unable to issue a final order of removal without further immigration proceedings. On August 5, 2024, Mr. Santana-Cabrera was released from BOP custody and discharged from further jurisdiction of the district court. *See* Doc. 14; Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited August 7, 2024).

## ANALYSIS

Though Respondent raises a few grounds for dismissal of Mr. Santana-Cabrera's petition, one is dispositive: justiciability. Pursuant to the case-or-controversy requirement of Article III, Section 2 of the United States Constitution, federal courts may only adjudicate "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings," meaning that "throughout the

litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotes omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Where it is impossible to grant any effectual relief, a case becomes moot. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012).

At the time Mr. Santana-Cabrera filed his § 2241 petition in April 2024, there was an actual, ongoing controversy given his status as a federal inmate. However, once Mr. Santana-Cabrera was released from prison on August 5, 2024 and discharged from the district court's jurisdiction, that controversy ceased to exist. Mr. Santana-Cabrera has already obtained the only relief his petition seeks: release from BOP custody. *See* Doc. 1; Doc. 13 at 6. Accordingly, Mr. Santana-Cabrera's petition is moot and no longer justiciable. Because "mootness is jurisdictional," dismissal is required. *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004).

## CONCLUSION

Based on the foregoing, Jarol Santana-Cabrera's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** as moot. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Santana-Cabrera and close this case.

**DONE AND ORDERED** at Tampa, Florida, on August 7, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*